**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ———————————————— ) | |
| WILLIAM T. HARLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-cv-01442 (ABJ) |
| ) | |
| DEPARTMENT OF ) | |
| VETERAN AFFAIRS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ———————————————— ) | |

**MEMORANDUM OPINION & ORDER**

In this case, plaintiff, William T. Harling, proceeding *pro se*, sued defendants, the United States Department of Veterans Affairs ("defendant") and the United States, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that he has been suffering from injuries arising out of the care he received at the VA Hospital, located in Washington, D.C. Complaint [Dkt. #1] ("Compl."). at 1, 4; *see also* Compl. Ex. 1 ("Agency Determination"). Now, following the close of fact discovery, defendant has moved for summary judgment. Motion for Summary Judgment ("MSJ") [SEALED], [Dkt. No. 23]. The Court will deny the motion without prejudice for the reasons set forth below.

I.     **Procedural History**

Plaintiff initiated this matter on May 17, 2019, filing a complaint and motion to proceed *in forma pauperis* ("IFP"), [Dkt. # 2]. Shortly thereafter, another court in this District granted the motion to proceed IFP and dismissed certain deficient claims, and the remaining FTCA claim was randomly assigned to this Court. *See* Jun. 10, 2019 Ord., [Dkt. # 4]; *see also* 28 U.S.C. §

1915(e)(2) (IFP screening provisions).  On November 7, 2019, defendant filed an answer. [Dkt. #13].

In the months following, some Initial Scheduling Conferences ("ISCs") were attempted but rescheduled, primarily due to defense counsel's failures to attend, and it was also necessary to afford defendant additional time to obtain and review all of the relevant medical records.  *See* Jan. 22, 2020 Show Cause Order (chronicling these events), [Dkt. #15].

On February 3, 2020, the final ISC was held.  *See* Feb. 3, 2020 Min Orders.  Plaintiff expressed his intention to file an amended complaint, and the Court ordered that he file a motion for leave to do so, accompanied by a proposed amended complaint, by March 13, 2020. A follow-up status conference was also scheduled for April 30, 2020, to be held following the close of fact discovery. *See id.* On February 18, 2020, the Court entered a scheduling order memorializing those deadlines, establishing an initial disclosures deadline of March 4, 2020, *see* LCvR 26.2(a), and ordering that fact discovery be completed by April 30, 2020, *see* Scheduling Order [Dkt. #17] ("Sched. Ord.").

On April 23, 2020, the follow-up status conference scheduled for April 30, 2020 was vacated by minute order due to COVID-19 precautionary restrictions on in-person proceedings. *See* Apr. 23, 2020 Min. Ord.; *see also* Standing Ord. 20-19 (D.D.C. Apr. 2, 2020).  The Court also indicated it would be rescheduled at a later date as a telephone conference, on a date and time to be determined by the Court.  *See* Apr. 23, 2020 Min. Ord.

On May 26, 2020, plaintiff filed a late motion for leave to file an amended complaint ("Am. Compl."), [Dkt. #18], which included only one proposed change: plaintiff modified the claimed damages from $85,000 to $500,000, *see id.* at 1. On June 4, 2020, defendant filed an answer to the amended complaint. [Dkt. #19]. The Court then granted plaintiff leave to file, incorporating the

damages amendment in plaintiff's original complaint, which otherwise remains operative.  *See* Jun. 8, 2020 Min. Ord.

On July 13, 2020, defendant moved for a summary judgment briefing schedule, Dkt. # 20], and two days later, the Court entered a briefing schedule. *See* July 15, 2020 Min. Ord. (ordering that defendant's motion for summary judgment be filed by July 24, 2020; plaintiff's opposition be filed by August 24, 2020, and; defendant's reply be filed by September 16, 2020, *see id.*)  On July 22, 2020, defendant filed its motion for summary judgment [Dkt. #23], along with an unopposed motion to file under seal, which the Court granted. *See* July 23, 2020 Min. Ord.  Plaintiff has opposed the motion for summary judgment [Dkt #25], and defendant has replied, [Dkt. 26], so the motion is ripe for consideration.

## II.      Legal Standard

Courts will grant a motion for summary judgment if "the pleadings, depositions, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, courts must view the evidence in the light most favorable to the nonmoving party. *Bayer v. U.S. Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992).  Under Rule 56, if a party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial, summary judgment is warranted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.      Analysis

Defendant has moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on three grounds.  *See* MSJ Memorandum in Support ("MSJ Mem.") [SEALED] at 1.   It argues that: (1) plaintiff has failed to state a claim upon which relief can be granted; (2) the claims

are time-barred, and; (3) plaintiff has failed to adduce expert testimony, or otherwise meet his burden, to prove any of the three elements required to support a negligence claim.  *See id.*

### A. <u>Failure to State a Claim</u>

Defendant contends that "a motion for summary judgment should be granted where plaintiff fails to state a claim upon which relief can be granted" and that plaintiff has failed to meet the pleading standard pursuant to Federal Rule 12(b)(6), *see* MSJ Mem. [SEALED] at 8.  The Court will not dismiss the case on that basis at this time.

First, the Court notes that while defendant raised failure to state a claim as a defense in its answer in accordance with Fed. R. Civil Proc. 12 (b) – "every defense to a claim for relief in any pleading must be asserted in the responsive pleading" – it did not comply with the further instruction in the Rule that a motion asserting one of the enumerated defenses, including failure to state a claim upon which relief can be granted, "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. Proc. 12(b).  In any event, a motion under Rule 12(b)(6) tests the sufficiency of the complaint on its face, and in ruling on such a motion, a court may ordinarily consider only the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters of public record or about which the Court may take judicial notice. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997); *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). Here, defendant relies heavily on deposition testimony elicited during discovery, *see* MSJ Mem. at 9–11, and under those circumstances, the Federal Rules would require the Court to treat the motion as one for summary judgment anyway. Fed. R. Civ. Proc. 12(d).

Moreover, defendant conflates the standards for failure to state a claim and summary judgment.  *See* MSJ Mem. [SEALED] at 8–11.  In its discussion of Rule 12(b)(6), defendant does,

in fact, cite *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and Federal Rule 8, but it misinterprets them.  Rule 8 requires a plaintiff to supply a "short and plain statement of [his] claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and *Twombly* also emphasizes that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[,]" *Twombly*, 550 U.S. at 555. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570.

Defendant argues now that plaintiff "offers no factual assertions establishing causation between the medication and his injuries nor any to show that [the VA] breached [its] duty of care." MSJ Mem. [SEALED] at 9.  It goes on to argue that "[b]eyond coincidental timing, Plaintiff does not layout any sort of logical connection between the medication and his ulcer or periodontitis, let alone cite any scientific evidence or expert testimony linking the two[,]" *id.* [SEALED] at 11, and it directs the Court to his deposition testimony. *See id.* [SEALED] at 9–10.

Whether defendant's concerns about the complaint would have been well taken at the start of this case or not, the defendant moved on to discovery without raising those issues, and what it is advancing now is a summary judgment argument

If the Court were to take up an attack on the complaint under Rule 12(b)(6) at this time, it would be required "construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged."  *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks and citation omitted); *see Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  A plaintiff need not plead all elements of his *prima facie* case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002),

or "plead law or match facts to every element of a legal theory[,]" *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).  A complaint may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," so long as the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56 (citation omitted).  And complaints filed by a pro se plaintiff, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, the complaint clearly alleges that on September 9, 2016, plaintiff was seen at the VA Hospital in Washington, D.C. Compl. at 1.  On or around that time, he was seen by two VA physicians.  He alleges that the second physician, Dr. Saleem, was rushed and distracted and failed to give heed to his concerns or review his medical records.  He further alleges that she prescribed him a medication but failed to ask him about any existing allergies or his medical history.  He contends that as a result of the medication prescribed by Dr. Saleem, his teeth became loose and fell out, which then affected his everyday life, and required him to undergo oral surgery.  *See id*. He also attaches as an exhibit a copy of the "right to sue letter" issued by defendant upon the denial of his formal administrative claim, *see generally* Agency Determination.

Plaintiff bears the burden to *prove* negligence, but one cannot find that he didn't state it. The allegations are in no way ambiguous, particularly given plaintiff's *pro se* status.  Furthermore, the attached right to sue letter provides the defendant with additional information, given that it "investigated the facts and circumstances surrounding [the] administrative tort claim[,]" and rendered a determination on the merits.  *See id*.  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*,

75 F.R.D. 497, 498 (D.D.C. 1977), citing 2A Moore, Federal Practice P 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217.   Here, the parties have appeared before the court and engaged in months of fact discovery, and at no point did defendant indicate that it lacked notice of the claim, nor could it, because the allegations are well-defined, and were previously presented to the agency through administration action.

For all of these reasons, the Court denies defendant's request that it dismiss the case now under Rule 12(b)(6).

**B.  <u>The timeliness of the complaint</u>**

Defendant argues that plaintiff's claim is untimely.  MSJ Mem. [SEALED] at 11–12.  The FTCA "waives the United States's sovereign immunity from tort claims and, subject to exceptions, renders the United States liable in tort as if it were a private person." *Gross v. United State*s, 771 F.3d 10, 12 (D.C. Cir. 2014), *cert. denied*, 575 U.S. 951 (2015).  Further, the FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Kwai Fun Wong*, 575 U.S. 402, 405 (2015), quoting 28 U.S.C. § 2401(b).  The Supreme Court clarified, however, that these deadlines are not jurisdictional, *Kwai Fun Wong* at 412 ("[t]he time limits in the FTCA are just time limits, nothing more"), and are subject to equitable tolling, *id.*

Defendant points out that plaintiff did not file his complaint before the six-month deadline. MSJ Mem. [SEALED] at 11.  Defendant denied Plaintiff's FTCA claim on November 15, 2018. *Id.* [SEALED] (citing Agency Decision).  Plaintiff then initiated this matter on May 17, 2019, two days after the six-month deadline elapsed. *See id*. [SEALED].

Defendant cites *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), *id.* [SEALED] at 12, which holds, in part, that "equitable tolling [is appropriate] in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[,]" but is largely improper "where the claimant failed to exercise due diligence in preserving his legal rights[,]" *Irwin*, 498 U.S. at 96.  Defendant states that, "[i]n this case, Plaintiff falls into the latter category—not the former[,]" MSJ Mem. [SEALED] at 12.  But it provides no basis for that characterization.

The Court finds that plaintiff falls into the former category, because he has, without question, diligently pursued his judicial remedies. He filed a timely administrative complaint.  *See* generally Agency Decision; *see* MSJ Ex. A, [Dkt. # 22-3] [SEALED]. After receiving Defendant's right to sue letter, he filed a complaint with this Court only two-days beyond the six-month window. *Compare* Agency Decision, *with* Compl.  He has consistently responded to the Court – even appearing at hearings where defense counsel was nowhere to be found -- and he attended to his obligations in this litigation.  Therefore, the Court finds that equitable tolling is appropriate given the very insignificant delay in his initial filing and the lack of prejudice to the defense.

**C.  The absence of expert testimony**

Last, defendant argues that plaintiff has failed to adduce the expert testimony required to establish: (1) the existence of a duty and the relevant standard of care; (2) breach of that duty; and (3) proximate causation.  *See* MSJ Mem. [SEALED] at 13–18.

A court adjudicating FTCA claims applies tort law "in accordance with the law of the place where the act or omission occurred." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004), quoting 28 U.S.C. § 1346(b)(1); *see also Tri–State Hosp. Supply Corp.*, 341 F.3d 571, 567 (D.C. Cir. 2003) (same).  Here, the alleged conduct all occurred while Plaintiff was a patient at the VA hospital in

the District of Columbia.  *See* Compl. at 1.  To establish negligence under D.C. law, a plaintiff "has the burden of proving . . . the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between the deviation and the . . . injury." *Briggs v. WMATA*, 481 F.3d 839, 841 (D.C. Cir. 2007), quoting *Varner v. Dist. of Columbia*, 891 A.2d 260, 265 (D.C. 2006) (internal quotation marks and other citations omitted).  Generally, each of these elements usually must be established by expert testimony, particularly in medical malpractice cases.  *Rhodes v. United States*, 967 F. Supp. 2d 246, 289 (D.D.C. 2013) (collecting cases), *appeal dismissed*, 2014 WL 1378277 (D.C. Cir. Mar. 31, 2014).

For example, to satisfy the first prong, the plaintiff must present expert testimony to establish the applicable standard of care, when "the subject in question is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson[.]" *Robinson v. WMATA*, 774 F.3d 33, 39 (D.C. Cir. 2014), quoting *Godfrey v. Iverson*, 559 F.3d 569, 572 (D.C. Cir. 2009).  The standard of care and causation relating to a specific medication's effect on plaintiff's dental health is certainly beyond the knowledge of a layperson.  *See Robbins v. Footer*, 553 F.2d 123, 126–27 (D.C. Cir. 1997) ("[i]n almost all [medical malpractice] cases the plaintiff must present expert witnesses" due to "the technical complexity of the facts and issues[.]") (collecting cases). Therefore, plaintiff's failure to present expert testimony to establish this standard of care would ordinarily be fatal to his negligence claim at this stage.  *See Burke v. Air Serv. Int'l, Inc.*, 685 F.3d 1102, 1106 (D.C. Cir. 2012).

Based on the record before it, the Court agrees with defendant that plaintiff has not produced the expert testimony required to satisfy the elements of negligence, *see* MSJ Mem. [SEALED] at 15, 18, and that the two treating physicians who were deposed were unable to conclude that the medication prescribed caused plaintiff's teeth to fall out. *See id.* [SEALED] at

17–18.  However, the case is in an usual posture as the Court's plan was to proceed in phases. The parties embarked on fact discovery, which was to be followed by a status conference, but the Court had not yet established a timetable for the designation of experts or the initiation or completion of expert discovery. *See* Sched. Ord; *see also* Fed. R. Civ. P. 26(a)(2).  The existing scheduling order specifically governed *fact discovery*. While fact and expert discovery may not be mutually exclusive, in the absence of any formal directive to at least attempt to retain his own expert, and a timetable for both parties to designate experts and exchange reports, granting summary judgment would be premature.

Summary judgment "is premised on the notion that parties will have had 'adequate time for discovery' to establish whether a genuine issue of material fact exists." *Breen v. Peters*, 474 F. Supp. 2d 1, 7 (D.D.C. 2007), quoting *Celotex*, 477 U.S. at 322.  A grant of summary judgment is therefore appropriate only if both parties have "had a full opportunity to conduct discovery," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986), and it is the general rule that "decision[s] by summary judgment [are] disfavored when additional development of facts might illuminate the issues of law requiring decision[,]" *Nixon v. Freeman*, 670 F.2d 346, 362 (D.C. Cir. 1982).

Furthermore, "the trial court [has] wide latitude to receive evidence as it sees fit." *United States v. Microsoft Corp.*, 253 F.3d 34, 101 (D.C. Cir. 2001). "[T]he Court may 'exercise considerable discretion in handling discovery matters,' including deciding whether to reopen or extend discovery." *United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 137 (D.D.C. 2012), quoting *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997).

With these principles in mind, the Court will extend and permit additional discovery in this case, limited to expert discovery only. The Court discerns no prejudice to defendant because it has not yet set a trial date in this case. *See Richardson v. Korson*, 905 F. Supp. 2d 193, 200 (D.D.C. 2012) (finding no prejudice to reopening discovery where a party submitted untimely supplemental expert materials and no trial date had been set by the court); *Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 327 (D.D.C. 2012) (holding same to reopen discovery for limited purpose of adding an economic expert); *see also* Fed. R. Civ. P. 16(b)(4). Furthermore, defendant may renew its motion at the close of the expert discovery period.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment [Dkt. #23] is hereby **DENIED WITH PREJUDICE** insofar as it is based on failure to state a claim and untimeliness and **DENIED WITHOUT PREJUDICE** to a future motion arguing that in the absence of expert testimony, there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. [1]

It is further **ORDERED** that, pursuant to Fed R. Civ. Proc. 26(a)(2)(A) and (B), plaintiff must disclose the identity of any expert witness he intends to use at trial and provide the written report called for by the rule by **May 17, 2021**. If he identifies one or more experts, defendant must make the required disclosures to the plaintiff by **June 16, 2021**, and plaintiff must identify any

---

[1]     Defendant also argues plaintiff may not seek his increased damages of $500,000, *see* Am. Compl., because the new demand is in excess of the $85,000 claimed in his administrative complaint, MSJ Mem. [SEALED] at 12–13; *see* MSJ Ex. A [SEALED]. Under 28 U.S.C. § 2675(b), a plaintiff may only amend the sum of damages requested in an SF–95 in two situations: (1) where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or (2) upon allegation and proof of intervening facts, relating to the amount of the claim. 28 U.S.C. § 2675(b); *Husovsky v. United States*, 590 F.2d 944, 954 (D.C. Cir. 1978). The Court will reserve judgment on this issue due to the continuing nature of discovery, but the defendant may renew it in any future motion.

additional expert being called as a rebuttal witness and disclose the written report **by July 16, 2021**. Plaintiff is advised that failure to designate an expert on these issues in accordance with this schedule may result in a ruling awarding summary judgment to the defendant.

      **SO ORDERED.**


AMY BERMAN JACKSON
United States District Judge

Date:   March 18, 2021